UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. No. 1:05-cv-11635-NG

FILED
IN CLERKS OFFICE
2005 OCT 14  P 12: 56
U.S. DISTRICT COURT
DISTRICT OF MASS.

```
_____
                              )
DIANE RIANNA,                 )
                              )
            Plaintiff,        )
                              )
      v.                      )   ANSWER
                              )
SHERLE WAGNER INTERNATIONAL,  )
LLC.,                         )
                              )
            Defendant.        )
                              )
_____)
```

Defendant Sherle Wagner International LLC ("Sherle Wagner") responds to the allegations stated in Plaintiff Diane Rianna's Complaint as follows:

The first unnumbered paragraph of the Complaint states arguments and conclusions of law to which no response is required.

1.  Sherle Wagner lacks sufficient information to admit or deny the allegations stated in Par. 1 of the Complaint.

2.  Sherle Wagner admits the allegations stated in Par. 2 of the Complaint.

3.  Par. 3 of the Complaint states arguments and conclusions of law to which no response is required.

4.  Concerning the allegations stated in Par. 4 of the Complaint, Sherle Wagner admits only that it is engaged in an industry affecting commerce and had fifty (50) or more employees for each working day in each of the twenty (20) or more calendar weeks in the year of and the preceding year of the alleged

violation of the FMLA. Plaintiff's characterization of Sherle Wagner as an "employer" as defined by 29 U.S.C. § 2611(4) is an argument and conclusion of law to which no response is required.

5. Par. 5 of the Complaint states arguments and conclusions of law to which no response is required. To the extent, if any, to which said Par. 5 may be deemed to state allegations of fact, Sherle Wagner denies that 29 U.S.C. §2611(2) allows a person to be deemed an "eligible employee" based exclusively on any two month period and further denies that the Complaint alleges facts sufficient to show that Rianna was an "eligible employee" within in the meaning of 29 U.S.C. §2611(2)

6. Sherle Wagner lacks sufficient information to admit or the allegations of fact stated in Par. 6 of the Complaint.

7. Sherle Wagner denies the allegations of fact stated in Par. 7 of the Complaint.

8. Sherle Wagner denies the allegations of fact stated in Par. 8 of the Complaint. Sherle Wagner affirmatively states that by a letter dated August 7, 2003, Sherle Wagner notified Plaintiff that it was terminating her employment with Sherle Wagner effective Sept. 1, 2003.

9. Par. 9 of the Complaint does not state any allegations 1of fact to which a response is required.

10. Sherle Wagner denies the allegations of fact stated in Par. 10 of the Complaint.

11. Sherle Wagner denies the allegations of fact stated in Par. 10 of the Complaint.

12. Sherle Wagner denies the allegations of fact stated in Par. 10 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff is estopped from asserting her claims as a result of her own wrongful conduct.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff, by her own conduct and/or the conduct of her agents and servants, has waived her claims against Defendant.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or part because she comes before this Court with unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute(s) of limitations.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to assert her claims.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because she failed to comply with the notice requirements of FMLA.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because she failed to provide Defendant with certification from a health care provider as required by FMLA.

### TENTH AFFIRMATIVE DEFENSE

Sherle Wagner's termination, if any, of Plaintiff was for a reason wholly unrelated to FMLA leave.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff effectively resigned from Sherle Wagner's employment prior to any termination of her employment by Sherle Wagner.

### REQUEST FOR TRIAL BY JURY

Sherle Wagner requests trial by jury on all issues so triable.

                                    SHERLE WAGNER INTERNATIONAL,
                                    LLC,
                                    By its attorney,


                                    Michael J. Markoff BBO #547590
                                    P.O. Box 212
                                    Falmouth, MA  02540
                                    (508) 548-5500

October 13, 2005

CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2005 I caused the foregoing Answer to be served upon Catherine A. Sammartino, SAMMARTINO & BERG LLP, Shakespeare Hall, 128 Dorrance Street, Suite 400, Providence, RI  02903 by first class mail postage prepaid.

Michael J. Markoff